UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In re:

    EAST SLOPE HOLDINGS, LP
    a/k/a West Mountain Ski Area,

                      Debtor.

Case No. 13-11572

Chapter 11

---

# CHAPTER 11 REORGANIZATION PLAN

The Debtor, East Slope Holdings, LP a/k/a West Mountain Ski Area, proposes the following Plan of Reorganization (the "Plan") pursuant to Chapter 11 of the Bankruptcy Code.

## ARTICLE I

## DEFINITION

For the purposes of the Plan, the following terms shall have the respective meanings hereinafter set forth:

1.01    "Administrative Expense Claim" shall mean any Allowed Claim arising or accruing on or after the Filing Date, which is entitled to priority in accordance with §§503(b) and 507(a)(1) of the Code.

1.02    "Allowed Amount" shall mean: (a) the amount of a Claim that is listed in the Debtor's Schedules, as they may from time to time be amended in accordance with Rule 1009 of the Bankruptcy Rules, as not disputed, contingent or unliquidated, if the holder of such Claim has not filed a Proof of Claim with the Bankruptcy Court within the applicable period of limitation fixed by the Bankruptcy Court pursuant to Rule 3003(c)(3) of the Bankruptcy Rules, or (b) if a

holder of a Claim has filed a Proof of Claim with the Bankruptcy Court within the applicable period of limitation fixed by the Bankruptcy Court pursuant to Rule 3003(c)(3) of the Bankruptcy Rules or otherwise: (i) the amount stated in such Proof of Claim, if no objection to such Proof of Claim has been interposed within the applicable period of limitations fixed by the Code or applicable Bankruptcy Rules, or as otherwise fixed by the Bankruptcy Court, or (ii) such amount as shall be fixed by an Order of the Bankruptcy Court which has become a Final Order, if an objection has been interposed within the applicable period of limitations fixed by the Code, applicable Bankruptcy Rules, or the Bankruptcy Court, or (iii) with respect to a Fee Request, such amount as shall be fixed by an Order of the Bankruptcy Code which has become a Final Order.

1.03    "Allowed Claim" shall mean any such Claim for which an Allowed Amount has been determined.

1.04    "Allowed Priority Claim" shall mean all Allowed Claims against the Debtor, as determined in accordance with §507(a) of the Code.

1.05    "Allowed Interest" shall mean any Interest which has not been timely disputed, or, if timely disputed, which has been allowed by Order of the Bankruptcy Court which has become a Final Order.

1.06    "Allowed Secured Claims" shall mean Allowed Claims against the Debtor, if any, as of the Filing Date, that are secured by a lien on, or security interest in property in which one or more of the Debtors has an interest, as of the Confirmation Date, determined in accordance with §506(a) of the Code.

1.07    "Ballot" shall mean the form or forms that will be distributed to all Classes which are impaired pursuant to §1124 of the Code in connection with the Debtor's solicitation of acceptances or rejections of this Plan.

075518.00000 Litigation 11729213v1

1.08    "Bankruptcy Court" shall mean that unit of the United States Bankruptcy Court for the Northern District of New York consisting of those Bankruptcy Judges in regular active service in such District, or any other Court having competent jurisdiction to enter an Order confirming the Plan.

1.09    "Case" shall mean the Debtor's consolidated reorganization case under Chapter 11 of the Code, Case No. 13-11572.

1.10    "Cash" shall mean payments to be made by the Estate pursuant to this Plan, by check drawn on the account of the Debtor.

1.11    "Claim" shall mean any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against Debtor in existence on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

1.12    "Claimant" shall mean the holder of a Claim.

1.13    "Class" shall mean any class into which Allowed Claims or Allowed Interests are classified pursuant to Article III.

1.14    "Class "1" Claims, Class "2" Claims, Class "3" Claims, Class "4" Claims", Class "5" Claims, Class "6" Claims, Class "7" Claims, Class "8" Claims, Class "9" Claims, Class "10" Claims, Class "11" Claims, Class "12" Claims, Class "13" Claims and Class "14" Claims shall mean the Allowed Claims so classified in Article III.

1.15    "Code" shall mean the Bankruptcy Code, 11 U.S.C. §101, et seq., and any amendments thereof.

075518.00000 Litigation 11729213v1

1.16     "Confirmation Date" shall mean the date upon which the Order of Confirmation is entered by the Court.

1.17     "Court" shall mean the United States Bankruptcy Court for the Northern District of New York, in which the Debtor's Chapter 11 case, pursuant to which the Plan is proposed, is pending, and any Court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

1.18     "Effective Date" shall be December 1, 2013, or the first day of the first full month following entry of the Order of Confirmation.

1.19     "Interest" shall mean a share of stock in the debtor's corporation.

1.20     "Order of Confirmation" shall mean the Order entered by the Court confirming the Plan in accordance with the provisions of Chapter 11 of the Code, which Order is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending.

1.21     "Petition Date" shall mean June 20, 2013, the date the Debtor's Chapter 11 Petition was filed.

1.22     "Plan" shall mean this Chapter 11 Reorganization Plan, or amended in accordance with the terms hereof or modified in accordance with the Code.

1.23     "Plan Term" shall be five (5) years, or less, if the Debtor so elects.

1.24     "Pro-Rata" shall mean in the same proportion as a particular allowed claim bears to the aggregate of allowed claims within the same class of debt.

075518.00000 Litigation 11729213v1

## ARTICLE II

## ADMINISTRATIVE AND PRIORITY CREDITORS

The administrative expense of the Debtor's Chapter 11 case allowed pursuant to Section 503(b) of the Code and each allowed claim entitled to priority pursuant to §507(a)(1) of the Code shall be paid in full upon the Effective Date unless otherwise ordered by the Court, in cash, or upon such other terms as may be agreed upon by the holder of such allowed expense or claim and the Debtor. The administrative fees due to the U.S. Trustee will be paid not later than ten (10) days after the Effective Date.

075518.00000 Litigation 11729213v1

# ARTICLE III

## CLASSIFICATION OF CLAIMS AND INTERESTS

| <u>Class</u> | <u>Description</u> |
| --- | --- |
| Class 1 | Attorneys' and accountants' fees and other claims allowed in accordance with Sections 503(b) and 507(a)(1) of the Bankruptcy Code; |
| Class 2 | First Mortgage Claim or First Zions National Bank; |
| Class 3 | Second Mortgage Claim of Newtek Small Business Finance, Inc.; |
| Class 4 | Third Mortgage Claim of Peerless Development, Inc.; |
| Class 5 | Judgment Claim of Van Dusen & Steves, Land Surveyors; |
| Class 6 | Town of Queensbury/Warren County Unpaid Water Bills; |
| Class 7 | Tax Claim of the Internal Revenue Service; |
| Class 8 | Tax Claim of New York State; |
| Class 9 | Claims of Unsecured Creditors; |
| Class 10 | Mechanic's Lien of The LA Group Landscape Architecture and Engineering, P.C.; |
| Class 11 | Partnership Interests of Michael Brandt and Michael Barone; |
| Class 12 | Judgment of NYS Department of Labor (in connection with Michael Brandt); |
| Class 13 | Roger S. Breitman Estate; |
| Class 14 | Personal Injury Claims. |

075518.00000 Litigation 11729213v1

# ARTICLE IV

## TREATMENT OF CLAIMS AND INTERESTS

4.01  The total Projected Distribution under the Plan of Reorganization is as follows:

| Class | Estimated Distribution as % of Allowed Claim | Method of Payment |
|---|---|---|
| Class 1 | 100 % | Paid on the Effective Date of the Plan; |
| Class 2 | 100% | Paid all past-due Mortgage payments, interest, fees, etc. as of the Effective Date of the Plan, with regular monthly Mortgage payments made as set forth in the Note and Mortgage; |
| Class 3 | 100% | Allowed claim paid in full, with 6% interest over a 20-year amortization, in 60 monthly payments, with a lump sum payment of the balance paid on the first day of the 61st month after the Effective Date of the Plan; |
| Class 4 | 100 % | Allowed claim paid in full, with 6% interest over a 20-year amortization, in 60 monthly payments, with a lump sum payment of the balance paid on the first day of the 61st month after the Effective Date of the Plan; |
| Class 5 | 100% | Allowed claim paid in full, with 6% interest over a 20-year amortization, in 60 monthly payments, with a lump sum payment of the balance paid on the first day of the 61st month after the Effective Date of the Plan; |

7

| Class | Estimated Distribution as % of Allowed Claim | Method of Payment |
|---|---|---|
| Class 6 | 100% | Paid in 60 equal monthly installments plus allowed interest, commencing on the Effective Date of the Plan; |
| Class 7 | 100 % | Paid in 60 equal monthly installments plus allowed interest, commencing on the Effective Date of the Plan; |
| Class 8 | 100 % | Paid in 60 equal monthly installments plus allowed interest, commencing on the Effective Date of the Plan; |
| Class 9 | 10% | Allowed unsecured claims will receive 10% on the Effective Date of the Plan; |
| Class 10 | 0% | To the extent allowed, claims will be treated as unsecured; |
| Class 11 | 0% | Existing partnership interests giving Michael Brandt and Michael Barbone control of the Debtor shall be cancelled on the Effective Date of the Plan. |
| Class 12 | 0% | Judgment filed against Michael Brandt does not constitute an allowed secured claim against the Debtor, and therefore no payment will be made. |
| Class 13 | 0% | All pre-petition partnership interests shall be cancelled on the Effective Date of the Plan; |
| Class 14 | 0% | Claims are not against the Debtor and/or will be limited to available insurance only. |

075518.00000 Litigation 11729213v1

## ARTICLE V

## AMENDMENT OF CONFIRMED PLAN

Except as otherwise specifically set forth in the Plan, any term of the Plan may be amended and the observance of any term of the Plan may be waived (either generally or in a particular instance, and either retroactively or prospectively) upon compliance with the provisions of the following:

5.01    The Debtor, upon notice and hearing to all holders of Claims and Interests still unpaid, may amend any term or condition of the Plan.  However, if a proposed amendment does not diminish or delay the amount to be paid to creditors, then notice of any such proposed change needs to be given only to the attorney for the unsecured creditors' committee, the United States Trustee's Office, parties who have filed notices of appearance with the Court, and any creditor adversely affected by the proposed amendment.

5.02    Holders of Claims or Interests, with the concurrence of the Debtor, may amend or waive any terms or conditions of the Plan relating to or for the benefit of its respective claims or interest.

075518.00000 Litigation 11729213v1

## ARTICLE VI

## RETENTION OF JURISDICTION

The Court shall retain jurisdiction of this Chapter 11 case until there has been substantial consummation of the Plan. Assuming that the other conditions of 11 U.S.C. §1101(2) are satisfied, the Court may find a Plan to be substantially consummated at the time the first payment is made pursuant to the Plan.

## ARTICLE VII

## EXECUTORY CONTRACTS AND LEASES

7.01    Assumption of Executory Contracts and Leases.

The Apex Capital, LLC Lease will be continued post confirmation. All other executory contracts and Leases will be rejected.

7.02    Reservation of Rights.

Debtor reserves the right to reject pursuant to Section 365 of the Code prior to the Confirmation Date any executory contract.

# ARTICLE VIII

## MISCELLANEOUS

8.01 <u>Headings</u>. The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the meanings hereof.

8.02 <u>Notices</u>. All notices required or permitted to be made in accordance with the Plan shall be in writing and shall be delivered personally or by telex or other telegraphic means or mailed by registered or certified mail, return receipt requested:

    a) If to Debtor, East Slope Holdings, LP a/k/a West Mountain Ski Area, , with copies to its attorneys, Hodgson Russ LLP, Richard L. Weisz, Esq. of Counsel, 677 Broadway, Suite 301, Albany, NY, 12207;

    b) If to a holder of an Allowed Claim or Allowed Interest, at the address set forth in its allowed Proof of Claim or proof of interest, or, if none, at its address set forth in the schedule prepared and filed with the Court pursuant to Rule 1007(b);

    c) Notice shall be deemed given when received. Any person may change the address at which it is to receive notices under the Plan by sending written notice pursuant to the provisions of this Section to the person to be charged with the knowledge of such change.

8.03 <u>Section and Article References</u>. Unless otherwise specified, all references in the Plan to Sections and Articles are to Sections and Articles of the Plan.

11

8.04     Reservation of Rights.    Neither the filing of this Plan, nor any statement or provision contained herein, nor the taking by any creditor of any action with respect to this Plan shall (a) be or be deemed to be an admission against interest and (b) until the Distribution Date, be or be deemed to be a waiver of any rights which any creditor might have against Debtor or any of its properties or any other creditor of Debtor, and until the Distribution Date all such rights are specifically reserved.  In the event that the Distribution Date does not occur, neither this Plan nor any statement contained herein, may be used or relied upon in any manner in any suit, action, proceeding or controversy within or outside of the reorganization case involving Debtor.

8.05     Notwithstanding any other provision contained in this Plan, all rights or causes of action held by the debtor in possession as of the date immediately preceding the date of the confirmation of this Plan, including, without limitation, actions pursuant to §542, §543, §544, §545, §547, §548, §549 and §550 of the U.S. Bankruptcy Code shall, after the date of the confirmation of this Plan, be property of the reorganized debtor and the reorganized debtor shall have standing with respect to any such right or cause of action.

## ARTICLE IX

## EFFECTS OF CONFIRMATION

9.01    Because the Debtor will continue to operate after confirmation of the Plan, confirmation of the Debtor's Plan will discharge all pre-petition debts of the Debtor whether or not a proof of claim has been filed by a creditor and even if a particular creditor does not vote for the Plan (See, 11 U.S.C. §1141).

9.02    The confirmation of the Plan will vest all of the property of the estate in the Debtor.

9.03    The contents of a confirmed Plan are binding on any creditor, equity security holder or general partner of the Debtor.

9.04    The Bankruptcy Court will retain jurisdiction until there is substantial consummation of the Plan.

## ARTICLE X

## DISPUTED CLAIMS AND INTERESTS

The Plan provides a mechanism for resolving disputes concerning the amount of any Claim or Interest and for making a distribution on account of any such Claim or Interest once the dispute has been resolved.

If the Schedule of Assets and Liabilities or any amendment thereto filed by the Debtor with the Bankruptcy Court (the "Schedules") listed your Claim in a particular amount and with a particular or no priority and did not indicate that the amount of the Claim is disputed, then the Debtor does not intend to object to the allowance of your Claim in that particular amount. This means that, unless you have filed a proof of claim in a larger amount or some party in interest

13

(such as the Committee or any individual Creditor or Security Holder) files an objection to your Claim and gives you notice thereof, your Claim will be allowed in time to receive the Initial Distribution and any subsequent distributions to your Class. The Debtor reserves the right under his Plan to challenge any claim. Pursuant to Bankruptcy Rule 3007-1 of the Northern District of New York, objections to claims must be filed and served no later than ten (10) days after entry of the Order of Confirmation.

If the Schedules indicate that your Claim is disputed, or if you filed a proof of claim in a larger amount than is listed in the Schedules, then an objection to your Claim will likely be filed. In addition, if you have filed a proof of claim seeking alleged damages arising from the Debtor's rejection of an executory contract or unexpired lease, then, if the Debtor disagrees with your Claim, it will be disputed.

Until such time as the amount of a Disputed Claim or Interest is determined, the holder of the Claim will not participate in any distributions made to other members of the same class for the amount in dispute. However, there will be set aside and reserved by the estate the property the Claimant would be entitled to receive if the Claim or Interest were allowed in the full amount sought by the Claimant. Once the amount of the Claim has been determined, whether by agreement or by a Final order of the Bankruptcy Court, this amount will form the basis for a distribution to the Claimant equal to the amount that would have been distributed if the Claim or Interest had been allowed in that amount on the Consummation Date.

075518.00000 Litigation 11729213v1

DATED: September /(, 2013

        HODGSON RUSS LLP
        Attorneys for Debtor

        By: _____
            RICHARD L. WEISZ
        677 Broadway, Suite 301
        Albany, New York 12207
        (518) 465-2333


        EAST SLOPE HOLDINGS LP
        a/k/a West Mountain Ski Area


        By: _____
           Spencer K. Montgomery
           Director of New Development

075518.00000 Litigation 11729213v1