**SO ORDERED.**

/s/ REL  12/26/13

**ROBERT E. LITTLEFIELD, JR.**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

RECEIVED & FILED

DEC 26 2013

OFFICE OF THE BANKRUPTCY CLERK
ALBANY, NY

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

    EAST SLOPE HOLDINGS, LP
    a/k/a West Mountain Ski Area,

                           Debtor.

Case No. 13-11572

Chapter 11

## ORDER OF CONFIRMATION OF DEBTOR'S
## CHAPTER 11 REORGANIZATION PLAN

Upon the Debtor's First Amended Disclosure Statement dated November 13, 2013 and filed with the Court on November 13, 2013, and the Chapter 11 Reorganization Plan dated September 11, 2013 and filed with the Court on September 11, 2013, submitted by the Debtor, East Slope Holdings LP a/k/a West Mountain Ski Area, and the hearing held before this Court on December 18, 2013, and upon the appearances of Hodgson Russ LLP, Richard L. Weisz, Esq. of Counsel, attorneys for the Debtor; the Office of the United States Trustee for the Northern District of New York, Kevin Purcell, Esq. of Counsel; and the Internal Revenue Service by the

075518.00000 Litigation 11915965v4

Office of the United States Attorney, William F. Larkin, Esq., Assistant United States Attorney, of Counsel, and all objections being withdrawn, and for good cause shown,

**NOW**, it having been determined after hearing on notice, held on December 18, 2013, that:

1. The Chapter 11 Reorganization Plan (the "Plan") has been accepted in writing by the creditors and equity security holders whose acceptance is required by law; and

2. The provisions of Chapter 11 of the Code have been complied with; that the Plan has been proposed in good faith and not by any means forbidden by law; and

3. All payments made or promised by the Debtor or by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable; and

4. The identity, qualifications and affiliations of the persons who are to be directors or officers, or voting trustees, if any, of the Debtor, after confirmation of the Plan, have been fully disclosed, and the appointment of such persons to such offices, or their continuance therein, is equitable, and consistent with the interests of the creditors and equity security holders and with public policy; and

5. The identity of any insider that will be employed or retained by the Debtor and their compensation have been fully disclosed; and

6. Confirmation of the Plan is not likely to be followed by the liquidation (or the need for further financial reorganization of the Debtor or any successor to the Debtor under the Plan); and

7. All monthly operating statements having been filed and all fees due to the United States Trustee pursuant to 28 U.S.C. §1930(a)(6) having been paid; and it is further

**ORDERED**, that the Debtor's Chapter 11 Reorganization Plan is confirmed, effective as of the date of this Order, subject to the provisions below, and it is further

**ORDERED**, that the Debtor continue to make timely payments to the United States Trustee pursuant to 28 U.S.C. §1930(a)(6) until the case is converted, dismissed or closed by Court Order, and the Debtor shall provide all outstanding operating statements to the United States Trustee within ten (10) days of the date of this Order, and the Debtor shall provide an appropriate affidavit indicating the cash disbursements for the relevant subsequent calendar quarters until the case is converted, dismissed or closed by Court Order, and it is further

**ORDERED**, that in accordance with Local Rule 3022-1, the Debtor is hereby directed to file the following with the Court, no later than 180 days after entry of the final Order confirming the Plan:

a) Report of Substantial Consummation;

b) Application for Final Decree;

c) Final Report form;

d) Proposed Final Decree;

e) Cancelled checks representing distributions made; and

f) Supplementary exhibit to application for final compensation;

and it is further

**ORDERED**, that the Court shall retain jurisdiction of pending adversary proceedings and objections to claims, and it is further

- 3 -

**ORDERED**, that a copy of this Order of Confirmation be served upon all creditors listed in the Amended Schedules filed by the Debtor, including entities listed therein that may have claims against non-Debtor entities, and it is further

**ORDERED**, that whereas creditors whose pre-petition claims are against non-Debtors, such as East Slope Operating, LLC or other entities, are estopped and barred from bringing said claims against the confirmed Debtor and/or Apex Capital, LLC, and they remain free to pursue collection efforts including litigation against all other entities, and it is further

**ORDERED**, that the Debtor shall be responsible for filing all required state and federal tax forms and payment thereunder of all applicable income/withholding taxes on revenue and operations post-petition generated by it as Reorganized Debtor, and it is further

**ORDERED**, that Apex Capital, LLC shall have no responsibility or obligation to pay income taxes or sales taxes earned by the Debtor, either pre-petition and/or pre-confirmation, but that Apex Capital, LLC shall be responsible for filing all required state and federal tax forms and payment thereunder of all applicable income/withholding taxes on revenue and operations post-petition generated by it as the sole operator of the Debtor, and it is further

**ORDERED**, that the Notice of Federal Tax Lien filed by the Internal Revenue Service against East Slope Operating, LLC shall remain in full force and effect except that it shall not apply to real estate owned by the Debtor, and it is further

**ORDERED**, that the Debtor's real property located at 59 West Mountain Road, Queensbury, New York is not subject to the Notice of Federal tax Lien recorded in the Office of the Warren County Clerk because the Notice of Federal Tax Lien is filed against East Slope Operating, LLC and not against the Debtor, and it is further

- 4 -

**ORDERED** that nothing in this Order shall limit or prevent the Internal Revenue Service from setting off or recouping against any tax refunds due the Debtor for pre-petition tax payments, and it is further

**ORDERED**, that nothing in this Order shall limit or prevent the Internal Revenue Service from tax collection efforts against other non-Debtors or entities who may be obligated for some or all of the Debtor's pre-petition tax obligations under applicable non-bankruptcy law, and it is further

**ORDERED**, that the Internal Revenue Service shall have sixty (60) days following the date of entry of this Order to file an Amended Proof of Claim against the Debtor, and the Debtor shall have thirty (30) days thereafter to file a Motion seeking disallowance of all or any portion of the Amended Proof of Claim, and it is further

**ORDERED**, that the Debtor and the Debtor's attorneys appear before the Court on _June 25_, 2014 at 10:30 a.m., and show cause why the Report of Substantial Consummation (Local Rule 3022-1) and the Application for Final Decree (F.R.B.P. 3022) have not been filed with the Court.

###

- 5 -